1  | Terry L. Higham, (SBN 150726)
   | tlhigham@fordharrison.com
2  | Mohammad B. Shihabi (SBN 337819)
   | mshihabi@fordharrison.com
3  | FORD & HARRISON LLP
   | 350 South Grand Avenue, Suite 2300
4  | Los Angeles, CA  90071
   | Telephone: 213-237-2400
5  | Facsimile:  213-237-2401

6  | Attorneys for Defendant
   | WAL-MART ASSOCIATES, INC.

7  |
8  | Jake D. Finkel, Bar No. 252343
   | jake@lawfinkel.com
9  | Eugene Feldman, Bar No. 118497
   | gene@lawfinkel.com
   | Avraham Kalaf, Bar No. 325249
10 | avi@lawfinkel.com
   | JAKE FINKEL LAW APC
11 | 3470 Wilshire Boulevard, Suite 830
   | Los Angeles, CA 90010-3916
12 | Telephone: 213-787-7411

13 | Attorneys for Plaintiff
   | RUTHIE MARTIN
14 |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| RUTHIE MARTIN, | Case No.  2:22-cv-01832 JLS (Ex) |
|---|---|
| Plaintiff, | |
| v. | [Discovery Document: Referred to U.S. Magistrate Judge Charles Eick] |
| WALMART INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | Action Filed:       02/16/2022 Date of Removal: 03/18/2022 |

1.    GENERAL STATEMENT.

       For good cause shown the Court hereby enters, the following Confidentiality

Order.   This Order shall govern the disclosure of certain discovery materials in this

litigation as described herein.

### 1.1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2.   GOOD CAUSE STATEMENT

This action is likely to involve various categories of confidential information. Discovery in this action which seeks money damages will likely seek non-public, private information from both parties and nonparties, including, but not limited to, Defendant's current and former employees, relative to those individuals' last known contact address information.   The need for disclosure in this case is balanced against the need to protect that information from disclosure to any interests and individuals outside those individuals specifically described herein.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, the

parties submit that a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is "good cause" within the meaning of applicable law why it should not be part of the public record of this case.

The parties agree that such Confidential Material as described in paragraph 2.4. should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

2.      DEFINITIONS.

2.1.    <u>Action</u>:  The lawsuit entitled *Ruthie Martin v. Walmart Inc.*, bearing U.S. District Court, for the Central District of California Case No. 2:22-cv-01832 JLS (Ex).

2.2.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "<u>CONFIDENTIAL</u>:" Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.   The parties shall not designate as "CONFIDENTIAL" information in the public knowledge.

2.4.    <u>Confidential Material</u>:  Confidential Material, as used in this Order, consists of the following materials and categories of materials:

1.      Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) (and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G)); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files;

claim/litigation information; medical records and nonpublic policies and procedures shall be deemed Confidential.

2. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

3. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

2.5.   Counsel:  Outside Counsel of Record and House Counsel (as well as their respective support staffs).

2.6.   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9.   House Counsel:  Attorneys who are employees of a party to this Action.

House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.  Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.  Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12.  Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.  Producing Party:  A Party or Non-Party that produces Confidential, Disclosure or Discovery Material in this Action.

2.14.  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.  Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16.  Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

1  This Order does not govern the use of Protected Material at trial.

2  4.　　DURATION.

3  　　　Even after final disposition of this litigation, the confidentiality obligations

4  imposed by this Order shall remain in effect until a Designating Party agrees

5  otherwise in writing or a court order otherwise directs. Final disposition shall be

6  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

7  or without prejudice; and (2) final judgment herein after the completion and

8  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

9  including the time limits for filing any motions or applications for extension of time

10  pursuant to applicable law.

11  5.　　DESIGNATING INFORMATION AS "CONFIDENTIAL."

12  　　　5.1.　Exercise of Restraint and Care in Designating Material for Protection.

13  Each Party or Non-Party that designates information or items for protection under

14  this Order must take care to limit any such designation to specific material that

15  qualifies under the appropriate standards.　The Designating Party must designate for

16  protection only those parts of material, documents, items, or oral or written

17  communications that qualify so that other portions of the material, documents, items,

18  or communications for which protection is not warranted are not swept unjustifiably

19  within the ambit of this Order.

20  　　　Mass, indiscriminate, or routinized designations are prohibited. Designations

21  that are shown to be clearly unjustified or that have been made for an improper

22  purpose (e.g., to unnecessarily encumber the case development process or to impose

23  unnecessary expenses and burdens on other parties) may expose the Designating

24  Party to sanctions.

25  　　　If it comes to a Designating Party's attention that information or items that it

26  designated for protection do not qualify for protection, that Designating Party must

27  promptly notify all other Parties that it is withdrawing the inapplicable designation.

28  　　　5.2.　Manner and Timing of Designations.　Except as otherwise provided in

this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pre-trial or trial proceedings), as confidential, the Producing Party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material.   The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

1.  Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

2.  Information disclosed at any deposition of a party taken in this action may be designated by the party as CONFIDENTIAL by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order.   Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of

the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation.   Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

(b)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4.   <u>Changes in Scope of Designation</u>.   A Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the receiving parties notice of the change by identifying the documents or information at issue.   Once notice is given, the Receiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation.   (2) Within a reasonable period after giving notice, the Producing Party must reproduce the documents or information in a format that contains the new designation.   (3) If such information has been

disclosed to persons not qualified pursuant to paragraph(s) (13-14) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is CONFIDENTIAL; and (c) give the Producing Party written assurance that steps (a) and (b) have been completed.

5.5.   <u>Data Security</u>.   The Parties agree to provide adequate security to protect data produced by the other Party(ies) or by Non-Parties.   This includes secure data storage systems, established security policies, and security training for employees, contractors and experts.   Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises.   At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

5.6.   <u>Inadvertent Production of Privileged or Otherwise Protected Material.</u>

5.6.1. The production of privileged or work-product protected documents (as defined under California law), electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of those privileges or protection from discovery in this case or in any other federal or state proceeding.

5.6.2. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738.   In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

5.6.3. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or

1  protected information before production.

2       5.6.7. If the Receiving Party has reason to believe that a produced

3  document or other information may reasonably be subject to a claim of privilege,

4  then the Receiving Party shall immediately sequester the document or information,

5  cease using the document or information and cease using any work product

6  containing the information, and shall inform the Producing Party of the beginning

7  BATES number of the document or, if no BATES number is available, shall

8  otherwise inform the Producing Party of the information.

9       5.6.8. , When a Producing Party gives notice to Receiving Parties that

10  certain inadvertently produced material is subject to a claim of privilege or other

11  protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule</u>

12  <u>of Civil Procedure 26(b)(5)(B)</u>.  The provision is not intended to modify whatever

13  procedure may be established in an e-discovery order that provides for production

14  without prior privilege review.

15  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

16      6.1.   <u>Standing to Challenge</u>.  Any Party or Non-Party may challenge the

17  designation of any documents or information produced in this litigation (either to

18  include additional protection with respect to confidentiality or to remove a

19  confidential designation) at any time that is consistent with the Court's Scheduling

20  Order.

21      6.2.   <u>Pre-Filing Conferencing</u>.   Before making such a motion, the

22  Challenging Party shall first attempt to resolve such dispute with the Producing

23  Party's counsel consistent with Local Rule 37.1 et seq.  A Challenging Party wishing

24  to make such motion must specifically engage in a meet and confer process by

25  advising counsel for the producing party in writing of its objections, the specific

26  documents or information to which each objection pertains, and the specific reasons

27  and support for such objections (the "Designation Objections").

28      6.3.   <u>Timing of Challenges</u>.  Counsel for the Producing Party shall have 30

days from receipt of the Designation Objections to either (a) agree in writing to de-designate the documents or information, pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on documents or information addressed by the Designation Objections (the "Designation Motion").  Any Designation Motion must be made at any time that is consistent with the Court's Scheduling Order.   Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents or information at issue in such Motion shall remain in place.

6.4.   <u>The Motion</u>.   A Challenging Party may proceed to move the court to modify designation of documents or information produced only after it has first engaged in this meet and confer process.

Any such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this section and that sets forth with specificity the justification for the confidentiality designation that was given by the producing party in the meet and confer dialogue. The burden shall be on the party seeking to remove the designation to show that the designation is inappropriate.

Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

For purposes of clarification and the avoidance of confusion, any motion challenging a party's designation of material as confidential, seeking to retain confidentiality, seeking to modify or amend the operative protective order, or regarding privilege redactions must be in strict compliance with Local Civil Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

7.    ACCESS TO AND USE OF PROTECTION MATERIAL.

7.1.   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Who May Receive Confidential and Highly Confidential Information.

For purposes of clarification and the avoidance of confusion, sections 7.2.1 and 7.2.2 do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

7.2.1. *Confidential Material.*   Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

7.2.2. *Highly Confidential—Attorneys' Eyes Only Material.*   Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

7.2.3. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents

of, a direct competitor of any party named in the litigation.   If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

7.2.4. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each Party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order.   Counsel shall also require such persons to execute the Affidavit attached as ***Exhibit A***, prior to the disclosure of Confidential Material, unless otherwise agreed by the Designating Party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3.   <u>Authorized Uses of Confidential Material</u>.   Confidential Material shall only be used for the purpose of litigating the above-captioned Action and may not be used in other lawsuits.

7.4.   <u>Confidential Material In Filings, Hearings, and Trial</u>.

7.4.1. *Confidential Material in Filings.*   Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal).   A party that seeks to file under seal any Confidential Material must first obtain an order granting leave to file under seal on a showing of a particularized need.   Confidential Material may only be filed under seal in a manner compliant with Civil Local Rule 79-5.

7.4.2. *Manner of Sealing.*   In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in Civil

Local Rule 79-5.2.2.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

　　　　7.4.3. *Confidential Material in Hearings and Trial.*  The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.   Prior to using Confidential Material or the information contained therein at any hearing (not trial) that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.  To the extent the Court does not have an Order governing the use of Protected Material at trial, the parties shall meet and confer and enter into a separate agreement as to the use (or limitations of such use), procedures for use and admissibility of Confidential and/or Highly Confidential – Attorneys' Eyes Only Materials (or any references to these Materials) at trial and shall move the Court for entry of an appropriate order.

　　　　7.5.   <u>Limitations on Use</u>.   Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

　　　　7.6.   <u>Liability for Misuse</u>.   If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

8.　　PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

　　　　8.1.   If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand

(collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order.

8.2.    At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material.

8.3.    The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

8.4.    If the Designating Party timely seeks a protective order pertaining to this issue, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

9.1.    This Order may be used by third parties producing documents in

connection with this action.   Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

9.2.    If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material.  In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

9.3.    In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

9.4.    The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Affidavit attached as ***Exhibit A***.

10.2.  <u>Counsel's Duties in the Event of Unauthorized Disclosures</u>.  It shall be

the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party.   The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps.   Each Party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.   This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

11.   MISCELLANEOUS.

11.1.  Withholding of Information.

11.1.1.   *Non-relevant Attachments*.   If an attachment is withheld (either for privilege or non-responsiveness), the producing party shall produce a one-page TIFF or PDF image in place of the withheld attachment, stating "Attachment Withheld", and bearing a sequential BATES number within the family BATES range. If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness.   The cover email may be redacted in part to remove sensitive information, as described below.

11.1.2.   *Redactions*.   Producing Parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted– Nonresponsive."   Redactions of emails will not redact the names of recipients or the

subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.   The parties will produce redacted documents in TIFF or PDF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.   The parties shall meet and confer to the extent there are objections to any redactions in documents.   To the extent that parties cannot resolve their positions regarding any redactions, then the question may be presented to the Court subject to Local Civil Rules 37-1 and 37-2 (including the Joint Stipulation requirement) and as may be supplemented by the terms and conditions of all applicable law.

11.2.   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.3.   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.4.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

12.   CONTINUING EFFECT OF THIS ORDER AND DUTY TO DESTROY – FINAL DISPOSITION.

12.1.   This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.   Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including,

but not limited to, copies or summaries thereof, in the possession or control of any expert or employee.   This requirement to destroy includes all documents, not only those documents designated as Confidential Material.

12.2.   The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.   Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

12.3.   This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

[*remainder of page intentionally blank*]

12.4.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Respectfully submitted,

Dated:  July 1, 2022                  FORD & HARRISON LLP

By: */s/ Terry L. Higham*
      Attorneys for Defendant

Dated:  July 1, 2022                  LAW OFFICES OF JAKE D. FINKEL, APC

By: */s/ Jake D. Finkel*
      Attorneys for Plaintiff

**FOR GOOD CAUSE APPEARING IT IS SO**

**ORDERED.** Dated:  July 1, 2022

/s/
_____
Hon. Charles F. Eick
United States Magistrate Judge

**Attestation**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Jake Finkel of the Law Offices of Jake D. Finkel, APC, who are counsel for Plaintiff, on whose behalf this filing is jointly submitted, has concurred in this filing content and has authorized me to file this document.


By: */s/ Terry L. Higham*
Terry L. Higham

1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

6
7
8

| | |
|---|---|
| RUTHIE MARTIN, | Case No. 2:22-cv-01832 JLS (Ex) |
| Plaintiff, | [Assigned to the Hon. Charles F. Eick] |
| v. | **AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER** |
| WALMART INC., and DOES 1 through 100, inclusive, | [Acknowledgement and Agreement to be Bound] |
| Defendants. | |

9
10
11
12
13
14
15
16

17    1.    I _____ [print or type full name], of

18 _____ [print or type full address], declare under penalty of perjury of

19 the laws of the United States of America, that I have read in its entirety and

20 understand the Stipulated Protective Order that was issued by the United States

21 District Court for the Central District of California on _____ in the case of *Ruthie*

22 *Martin v. Walmart Inc.*, bearing U.S. District Court, for the Central District of

23 California Case No. 2:22-cv-01832 JLS (Ex).   I am working on behalf (or at the

24 direction and engagement) of _____.

25    2.    I am aware that a Confidentiality Order has been entered in the above-

26 captioned lawsuit.  A copy of this Confidentiality Order has been given to me, and I

27 have read and understand the provisions of same.

28

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

6. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to monetary sanctions and punishment in the nature of contempt.

7. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____, 2022     _____
                                                                              Signature
                          _____Printed Name